UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | No. 07 CR 853-1 |
| | Honorable Ronald A. Guzman |
| ROBERT BRUNT | |
| Defendant | |

**DEFENDANT BRUNT'S PETITION TO MODIFY PRETRIAL RELEASE**

Robert Brunt, defendant herein, through his attorney, Carl P. Clavelli, respectfully submits the following request to modify the conditions of pretrial release pursuant to 18 U.S.C. §3142, the Bail Reform Act of 1984, and states as follows:

1. On December 19, 2007, the defendant was indicted by a grand jury; the prosecuting authorities chose not to issue an arrest warrant but to suppress the indictment at that time. On June 11, 2008, the same grand jury voted a superceding indictment; on June 18, 2008, this defendant was arrested.

2. Pursuant to that arrest, the defendant was interviewed by a pretrial services officer with whom he cooperated. The Pretrial Services Report noted that the defendant's assets are not liquid but contained within property he owns; he reported about $4000 in monthly loan and mortgage expenses. He is self-employed through a firm called Genesis Investment Group which is a real estate developing company. Presently, his only occupation is to repair and rehab residential properties as this indictment has made it near-impossible for him to secure financing.

3. The Pretrial Services Report also contains a seemingly extensive record of arrests, most of which are between the ages of seventeen and thirty-one, just over ten

years ago. When he was twenty-one years of age he was arrested for felony bribery associated with a traffic arrest. Upon his plea of guilty, he received felony probation. Thereafter, in December, 1999 he was arrested when a handgun was discovered in his vehicle. He entered a plea of guilty to felony possession, and received a sentence of probation. Each of these criminal sentences was terminated satisfactorily.

4. At the time of his initial appearance, the Government opposed his pretrial release on the ground of dangerousness only. However, Mr. Brunt is a lifelong resident of the Northern District of Illinois where his entire family resides along with his daughter and the daughter of codefendant Tracy Scullark with whom he resides. The pretrial services report identified only a risk of nonappearance due largely to his prior arrests and his conduct on bond from many years ago. At this time, there are no charges pending with the possible exception for traffic.

5. Following his most recent conviction for the unlawful possession of a handgun, Mr. Brunt has remained employed in the field of rehabbing multi-unit residences. The prosecution is well aware how Mr. Brunt gained knowledge of this burgeoning industry as he became associated with several investors who valued his knowledge of local real estate and, after additional on-the-job training, became able to manage the actual reconstruction of buildings purchased for rehabilitation and sale. The prosecution has interviewed his accountant and obtained copies of his income tax reports at least since 2003. Prior to the filing of these charges this defendant had enjoyed a good reputation with investors and lending institutions that readily provided financing for his projects.

6. While the grand jury has alleged various discrepancies in a dozen or so properties, Mr. Brunt has been involved in the rehabilitation of nearly 100 properties. The Superceding Indictment is unusual also in the respect that it does not identify any victims, that is, lenders or borrowers who were placed into foreclosure by the actions of this defendant. Further, we respectfully submit that losses associated with the sales of properties identified in the indictment, if any, will be minimal and will be the result of the economic downturn in this market and not the actions of this defendant. Lastly, unlike those defendants who are faced with a mandatory minimum sentence, this defendant should be released on a bond sufficient to ensure his presence at trial.

7. Following a brief hearing before the Magistrate Judge, the motion to detain was denied, and a recognizance bond was set at $25,000. However, the defendant's release was conditioned in that he remain in home confinement enforced through the operation of an electronic monitor. This condition has resulted in relatively frequent contact with the defendant's pretrial services officer who, we believe, would attest that he has obeyed each of the conditions of his bond.

8. It is respectfully submitted that home confinement is an unnecessary condition in this case and that the standard conditions of release are sufficient to ensure the appearance of this defendant who avidly desires to clear his name at a trial of this cause. There is no danger of this defendant not appearing to answer any charges against him. As he has also shown his intention to obey the conditions of pretrial release there is no good reason that home confinement remains as a condition

of his release as it is beyond the "least restrictive" conditions contemplated by Congress. Cf. 18 USC §3142(c)(1)(B).

WHEREFORE, for the above and foregoing reasons, Robert Brunt, defendant herein, moves for the entry of an Order modifying his pretrial release as requested.

Respectfully submitted,

/S/ Carl P. Clavelli
Carl P. Clavelli
321 S. Plymouth Court Suite 1500
Chicago, IL  60604
Attorney for Robert Brunt
(312) 922-5460