IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **United States of America,** ) | |
| **Plaintiff,** ) | |
| ) | No. 07 CR 853 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **Robert Brunt,** ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's amended motion for compassionate release [1026] is dismissed without prejudice.

### STATEMENT

Defendant seeks compassionate release due to COVID-19. "[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As is relevant here:

> A court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that (i) extraordinary and compelling reasons warrant such a reduction and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

*Id.* § 3582(c)(1)(A).

The government contends that Defendant has not exhausted his administrative remedies for compassionate release. On April 2, 2020, Defendant submitted to the Warden at FPC Duluth a Request for Administrative Remedy, "asking to be considered for Home Confinement under the Cares Act." (Def.'s Am. Mot., Dkt. # 1026, Ex. 1.) In the request, Defendant stated that he is "compliant with all six of Attorney General Barr's conditions," which appears to be a reference to the Attorney General's March 26, 2020 memorandum to the Director of the Bureau of Prisons instructing the Bureau of Prisons ("BOP") to use its statutory authorities to grant home confinement to inmates as a result of the COVID-19 pandemic. Defendant also provides the address where he would reside if he were granted home confinement. Moreover, attached to Defendant's amended motion for compassionate release is a letter that his wife, Tracey Scullark Brunt, a co-defendant in this case, wrote to Defendant's Case Manager at FPC Duluth, providing

details of Defendant's plan if he were released, and thanking the Case Manager for "considering Robert for the home confinement program due to the Covid 19 Pandemic." (*Id.*, Ex. 3.)

As the government states in its response brief, there is a difference between a request for home confinement, which only alters the location of confinement, and one for compassionate release, which reduces a defendant's sentence. Only the BOP may place an individual on home confinement. *See United States v. Neeley*, 14 CR 0096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020) (stating that defendant "asks the Court to allow her to serve the remainder of her sentence on home confinement, but the Court lacks the authority to grant that relief" because "the [BOP], not the Court, has the sole authority to prescribe home confinement post-incarceration [under 18 U.S.C. § 3624(c)]") (internal citation and quotation marks omitted). The difference between the two requests, along with the recognition that the exhaustion requirement likely cannot be waived,[1] leads the Court to conclude that Defendant's administrative-remedy request, which was framed by Defendant and interpreted by the Warden as a request for home detention, does not satisfy the statutory-exhaustion requirements for a sentence reduction.

**Date**: June 23, 2020

**Ronald A. Guzmàn**
**United States District Judge**

---

[1] *See United States v. Lohmeier*, No. 12 CR 1005, 2020 WL 2836817, at *1 (N.D. Ill. June 1, 2020) (analyzing relevant statutory language and precedent and concluding that the exhaustion requirement is not waivable); *United States v. Castaldi*, No. 09 CR 0059 (N.D. Ill.), 4/17/20 Order, Dkt. # 140 (same).